Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Petitioners*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DR. HENRY EALY III;**<br>**SENATOR DENNIS LITHICUM;**<br>**SENATOR KIM THATCHER;**<br><br>          Petitioners,<br><br>     v.<br><br>**ROBERT REDFIELD**, former Director of the US Center for Disease Control, in his individual capacity; **ROCHELLE WALENSKY**, in her individual capacity and in her official capacity as Director for the US Center for Disease Control; **ALEX AZAR**, former Secretary of the US Department of Health and Human Services, in his individual capacity; **XAVIER BECERRA**, in his individual capacity and in his official capacity as Director of the US Department of Health and Human Services; **BRIAN MOYER**, in his individual capacity and in his official capacity as Director of the National Center for Health Statistics; and **DOES 1-25**;<br><br>          Respondents. | Civil No. 3:22-cv-356-HZ<br><br><br>**OPPOSITION TO**<br>**MOTION TO DISMISS**<br><br><br><br>**ORAL ARGUMENT REQUESTED** |

# INTRODUCTION

Respondents[1] altered the instructions for the completion of death certificates without going through a lawful process with mandatory public comment and federal oversight. This change caused COVID-19 to be identified as the cause of death when the actual cause of death was from a pre-existing comorbidity. The result was that 88.6% to 94.0% of deaths reported as COVID-19 were not, in fact, caused solely by COVID-19.

Respondents illegally created a system of diagnosis that inflated the number of COVID-19 cases that counted as unique "new" cases, multiple positive tests from same person. Respondents simultaneously proscribed the PCR test for diagnosis with fundamental defects that resulted in high rates of false positive results were additionally counted as unique "new" cases.

Further, Respondents created financial incentives for medical facilities inflate the number of COVID cases, hospitalizations, and deaths.

Federal data collection is subject to exacting controls for accurate data collection, analyses and publication. Respondents flouted these rules to create a system that inaccurately inflated COVID cases, hospitalizations, and deaths. These intentional acts of data fraud were used to panic the public into going along with unprecedented

---

[1] We designate Robert Redfield, Rochelle Walensky, Alex Azar, Xavier Becerra, Brian Moyer, and Does 1-25 as Respondents because this is not a traditional lawsuit seeking damages or injunctive relief.

government seizure of power via emergency declarations based upon the fraudulently inflated data.

Respondents misunderstand and misconstrue the remedy that Petitioners[2] seek. Petitioners do not seek to compel a prosecutor to present a case to a grand jury. Petitioners seek to present the case to a grand jury themselves.

Grand juries are a pre-constitutional institution that the Founders believed essential to preserve basic liberties of the people. Grand juries serve to investigate any alleged crime, no matter who suggested it to them. Petitioners have standing to present to a grand jury their allegations of crimes committed by government officials so that the grand jury may investigate.

## ARGUMENT

### I.  RESPONDENTS MISUNDERSTAND THE PETITION

**A.  Petitioners are not seeking to compel a prosecutor to present their case to a grand jury.**

The Petition respectfully requests the Court to exercise its jurisdiction by sanctioning Petitioners ability to directly inform a currently sitting grand jury of their original Petition (Filed March 7, 2022) seeking citizen access to inform said Fifth Amendment Court of Inquiry, the grand jury. Or should there not be a currently in-term regular or special grand jury, then to exercise its Fed. R. Crim. P. 6 jurisdiction to

---

[2] Senator Linthicum, Senator Thatcher, and Dr. Henry Ealy (who is not a Senator).

impanel one based upon the jurisdictional authority of the Court to order such opportunity for requested relief in favor of public interest and preservation of justice.

Respondents' lack-of-standing argument relies on their misinterpretation that Petitioners are seeking to compel a prosecutor to present the case to a grand jury. Respondents cite a myriad of cases that citizens cannot force a prosecutor to present a case to a grand jury. Petitioners agree. Petitioners are not seeking to compel a prosecutor to take any action.

The cases cited by Respondents largely stand for the proposition that the public does not have standing to compel a prosecution by a prosecutor.[3] In the leading case cited by Respondents, *Graves-Bey v. City of San Francisco*, there was no mention of referral to a grand jury.[4] *Graves-Bey* in turn relies on *Linda R.S. v. Richard D.*, where the Supreme Court said that "a citizen lacks standing to contest the policies of the prosecuting authority . . . ."[5] Petitioners agree.

Petitioners are not contesting the policies of the prosecuting authority or requesting that prosecuting authority act on their behalf. Thus, any arguments made by Respondents to this point are irrelevant. The issue before the Court is the Petitioners'

---

[3] *See e.g.*, *Doe v. Newsom*, No. LA CV20-04525, 2021 U.S. Dist. LEXIS 67742, *11-12 (C.D. Cal. Mar. 26, 2021).
[4] 669 Fed. Appx. 373 (9th Cir. Sept. 21, 2016) (convicted prisoner does not have standing to criminally investigate prosecutor).
[5] 410 U.S. 614, 619 (1973).

right to petition grand jury, independent of prosecuting authority, for redress of grievances stemming from allegations of criminal activity by Respondents.

### B. Grand juries are essential to preserve the civil liberties of the people.

Grand juries safeguard the liberties of the people. "In fact the whole theory of its function is that it belongs to no branch of the institutional government, serving as a kind of buffer or referee between the Government and the people."[6]

The grand jury has ancient roots in American history.[7] It is a pre-constitutional institution that the Founders thought was *essential to preserve basic liberties*.[8]

Grand juries serve both a shield and sword function. The shield function protects the people from overzealous or political prosecution.[9] But this case concerns the sword function of the grand jury to confront corruption in the government itself. And the institution of the grand jury is for the people to seek accountability for corruption in the government.[10] As explained by Justice Scalia in *United States v. Williams*:

> [T]he grand jury is mentioned in the Bill of Rights, but not in the body of the Constitution. It has not been textually assigned, therefore, to any of

---

[6] *United States v. Williams*, 504 U.S. 36, 47 (1992) (citing *Stirone v. United States*, 361 U.S. 212, 218 (1960); *Hale v. Henkel*, 201 U.S. 43, 61 (1906); G. Edwards, The Grand Jury 28-32 (1906)).
[7] *United States v. Calandra*, 414 U.S. 338, 342 (1974).
[8] *Id.* at 343.
[9] *Hale* 201 U.S. at 59 ("the most valuable function of the grand jury" was "to stand between the prosecutor and the accused").
[10] *See Williams*, 504 U.S. at 47.

the branches described in the first three Articles. *It is "a constitutional fixture in its own right."*[11]

The grand jury's functional *independence from the judicial branch is evident both in the scope of its power to investigate criminal wrongdoing,* and in the manner in which that power is exercised.[12]

[W]e have insisted that *the grand jury remain free to pursue its investigations unhindered by external influence or supervision* so long as it does not trench upon the legitimate rights of any witness called before it.[13]

It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge.[14]

Although the grand jury normally operates, of course, in the courthouse and under judicial auspices, *its institutional relationship with the judicial branch has traditionally been, so to speak, at arm's length*. Judges' direct involvement in the functioning of the grand jury has generally been confined to the constitutive one of calling the grand jurors together and administering their oaths of office.[15]

The grand jury's function to combat government corruption is well established from our history as exemplified by the many times that judges have charged grand juries with exactly this function. In Massachusetts in 1797 the following charge was given:

Besides, *another powerful check against oppression from any of our Constituted Authorities,* is formed by your institution; for to you it belongs,

---

[11] *Id.* (quoting *United States v. Chanen*, 549 F.2d 1306, 1312 (9th Cir. 1977)).
[12] *Id.* at 48 (emphasis added).
[13] *Id.* at 48-49 (emphasis added).
[14] *Id.* at 51.
[15] *Id.* at 47 (emphasis added).

> Gentlemen, to watch over and protect the safety and rights of Individuals, as well as of the Public. . . .
>
> **[I]f you have reason to believe an offence has been committed, and no one appears to prosecute it, you may institute an enquiry of yourselves,** and cause any person supposed to have knowledge of it, to be summoned before you for that end.[16]

In Pennsylvania County in 1723:

> In order therefore to bring Offenders to condign Punishment, and for **redressing all Public Abuses,** within the Jurisdiction of this Court, You are, according to the Oaths and Affirmations you have taken, to Inquire with Diligence, and to Present, with Truth and Uprightness, whatever you find, upon your own Knowledge, or the Informations of others, to be committed within the County contrary to Law.[17]

In New York City in 1785:

> At the late court of Quarter Session, held in this city, a most excellent charge was given to the Grand Jury of the Court by the Recorder, in which they were enjoined in pursuance of their oath, amongst other offences, **particularly to enquire into the abuses committed by the officers of government** . . . .[18]

In Maryland in 1781:

> Gentlemen of the Grand Jury, You are convened to execute a Trust of the last importance to your Country. . . .
>
> To inquire after every Breach of the penal Law, to protect the Innocent, to punish the Guilty, **to guard against the Encroachments of Power,** and to keep

---

[16] STANTON D. KRAUSE, ed., GENTLEMEN OF THE GRAND JURY, THE SURVIVING GRAND JURY CHARGES FROM COLONIAL, STATE, AND LOWER FEDERAL COURTS BEFORE 1801, Vol. 1, pp 436-37 (2012) (emphasis added).
[17] *Id.*, Vol. 2, pp 740-41 (emphasis added).
[18] *Id.*, Vol. 1, p 673 (emphasis added).

every man with the limits prescribed by the Constitution, and the Laws, is, in general, the Business of a Grand-Jury; . . . .

You will present every Man, for whose Accusation you shall have strong probable Grounds; but, in Favour of Innocence, you will disregard unmeaning popular Clamours.[19]

To preserve liberty of the people,[20] it is the grand jury's role to investigate crimes committed by government officials, independently and without the necessity of a prosecutor.

C.   **The Supreme Court has explained why Petitioners have standing**.

Grand jurors are "***not appointed for the prosecutor*** or for the court; ***they are appointed for*** the government and ***the people*** . . . ."[21] It "is for the grand jury to investigate any alleged crime, ***no matter how or by whom suggested to them*** . . . ."[22]

> The power of the grand jury is not dependent upon the court but is original and complete, and ***its duty is to diligently inquire into all offenses which shall come to its knowledge***, whether from the court, the state's attorney, its own members ***or from any source***, and it may make presentments of its own knowledge without any instruction or authority from the court. The court cannot limit the scope of the investigation of the grand jury.[23]

---

[19] *Id.,* Vol. 1, p 297-98 (emphasis added).
[20] *See United States v. Mara,* 410 U.S. 19, 27 (1973) (J. Douglas, dissenting).
[21] *Hale v. Henkel,* 201 U.S. 43, 61 (1906) (emphasis added).
[22] *Frisbie v. United States,* 157 U.S. 160, 163 (1895).
[23] *United States v. Thompson,* 251 U.S. 407, 414 (1920) (emphasis added).

These features of the grand jury: (1) not appointed for the prosecutor;[24] (2) may investigate crimes identified by any source,[25] no matter who suggests;[26] (3) constitutional fixture in its own right;[27] (4) independence from the judiciary;[28] (5) not under the control of any branch of government;[29] (6) designed to preserve individual liberties;[30] and (7) may investigate without external supervision;[31] mean that the people have the authority to petition the grand jury to investigate crimes without the participation or interference by the U.S. Attorney. Not only do Petitioners not seek prosecution by the U.S. Attorney, the U.S. Attorney cannot be involved in Petitioners' presentation to the grand jury. The U.S. Attorney is representing Respondents and is thereby conflicted from being involved in the criminal investigation of Respondents or other related government actors.

Petitioners also have standing to bring this Petition because they have a duty to inform the Court of these crimes:

> Whoever, ***having knowledge of the actual commission of a felony*** cognizable by a court of the United States, conceals and does not as soon as possible ***make known the same to some judge*** or other person in civil or military

---

[24] *Hale,* 201 U.S. at 61.
[25] *United States v. Thompson,* 251 U.S. 407, 414 (1920).
[26] *Frisbie,* 157 U.S. at 163.
[27] *Williams,* 504 U.S. at 47.
[28] *Id.* at 48.
[29] *Calandra,* 414 U.S. at 343.
[30] *Id.*
[31] *Williams,* 504 U.S. at 48-49.

authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.[32]

And by Petitioners following through on their duty, the "alleged offenses may be brought to the attention the grand jury by the court . . . ."[33]

Petitioners' standing to bring this Petition to the Court is also protected under the First Amendment to the United States Constitution.[34] The right to petition protects the right of individuals to appeal to courts for the resolution of disputes.[35] The right to petition is one of the freedoms protected by the Bill of Rights.[36] The right to petition extends to all parts of the government; the right to access the courts is but one aspect of the right to petition.[37]

Petitioners request the Court to utilize its authority to refer Petitioners to an existing grand jury, or a Special grand jury impaneled by the Court, for presentation in favor of investigation into the allegations within the Petition.

---

[32] 18 U.S.C. 4.
[33] 18 U.S.C. 3332(a).
[34] U.S. CONST. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances.").
[35] *See Borough of Duryea v. Guarnieri,* 564 U.S. 379, 387 (2011).
[36] *California Motor Trans. Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972).
[37] *Id.*

### D. Petitioners have standing under *Lujan*.

Standing exists when the litigants have a personal stake in the lawsuit.[38] Petitioners must have an injury in fact, that is caused by the conduct of the Respondents, which can be redressed by the remedy requested.[39] Petitioners have been harmed due to the conduct of the Respondents.[40] Moreover, Petitioners Linthicum and Thatcher represent large populations of constituents whose liberty has been severely curtailed as a result of the conduct of Respondents.[41] An individual has standing when the conduct of the government threatens individual liberty.[42] Petitioners' injury is redressable by the remedy requested—referral of the case to a grand jury.

### E. The U.S. Attorney had his chance to present this case to a grand jury.

U.S. Attorney Scott Asphaug, along with every other U.S. Attorney in each district of the United States, was given the opportunity to investigate the willful misconduct described in the original petition.[43] Indeed, Petitioners took extraordinary measures to inform U.S. Attorney Scott Asphaug, every other U.S. Attorney, and the Department of Justice of the facts supporting Petitioners' allegations.[44]

---

[38] *Camreta v. Greene*, 563 U.S. 692, 701 (2011); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)
[39] *Id.* (citing *Lujan* 504 U.S. at 560-561).
[40] Petition, p. 4.
[41] *Id.* pp. 4-6.
[42] *Bond v. United States*, 564 U.S. 211, 223 (2011).
[43] *Id.*, pp. 7-8.
[44] Petition, pp. 7-8.

By statute, a U.S. Attorney "receiving information concerning such an alleged offense from any other person *shall*, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation."[45] Mr. Asphaug and his colleagues declined to honor their legal, non-discretionary, self-enforcing duty under federal law.

Petitioners rely on, and have plainly stated, their constitutional right to petition, peaceably assemble with, speak to, and be heard by their neighbors in the grand jury to present their grievances and seek their lawful remedy themselves. In other words, Petitioners with their counsel present, intend to stand in the place of a federal prosecutor and present their evidence before a grand jury.

It should be left to a grand jury to decide whether the Petition warrants investigation. A "grand jury can investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not."[46]

Respondents' lack-of-standing argument is without merit. The motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be denied.

---

[45] 18 U.S.C. § 3332(a) (emphasis added).
[46] *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991).

## II.    THE OTHER GROUNDS FOR DISMISSAL LACK MERIT.

### A.    There is no Rule 8 violation.

Respondents assert that they cannot determine what relief Petitioners seek. The Petition plainly requests, in multiple ways (including most of the opening page), that the Court refer Petitioners to a grand jury or a special grand jury so that such a grand jury may investigate the criminal conduct described in the Petition.[47] There is no violation of Rule 8.

### B.    Petitioners do not seek damages or injunctive relief.

Respondents assert a right to petition the government under the First Amendment to the Constitution. It is Petitioner's duty to communicate these crimes to authorities.[48] Petitioners petition the Court because the Court has the responsibility of summoning and swearing in grand juries[49] and the Court may bring the alleged offenses to the attention of the grand jury.[50]

This is not a *Bivens* claim or a FTCA tort claim or any other type of claim requesting relief from the United States or its officers. It is a petition based on Petitioner's inherent right to present evidence of crimes to a grand jury under the First

---

[47] Petition, pp, 2, 8, 61-63.
[48] 18 U.S.C. 4; *see Beard v. United States,* 59 F.2d 940, 941 (8th Cir. 1932).
[49] 18 U.S.C. 3331.
[50] 18 U.S.C. 3332.

Amendment and the Supreme Court's explanation that a grand jury may hear evidence from any citizen.[51]

Respondents assert that the Petition is not a *Bivens* claim. Petitioners agree. No specified or unspecified damages are sought in the Petition because Petitioners only seek Court sanctioned opportunity to present evidence before a grand jury. The Petition is neither a *Bivens* claim, nor a tort action. It is a petition intended to initiate a grand jury investigation.

The allegations contained within the original Petition are serious and many Americans support Petitioners' request for a grand jury investigation into the evidence presented in the Petition.[52]

Petitioners assert that it is in the best interests of the nation, for the Court to take all measures to help restore the people's trust in our agencies and institutions. By ruling in favor of Petitioners, the Court would affirm the right of the people to petition for redress of grievance by referring Petitioners to a grand jury. With trust in government at an all-time low among a significant and growing percentage of Americans, the Court has the power to reassure Americans that the system of justice that their freedom depends on, is indeed blind with respect to preferential treatment and yet still curious to

---

[51] *E.g., Frisbie,* 157 U.S. at 163 (It "is for the grand jury to investigate any alleged crime, ***no matter how or by whom suggested to them*** . . . .") (emphasis added).
[52] At this time, 187,087 individuals have signed a petition supporting a grand jury investigation.

investigate substantiated allegations, even if only to verify the allegations did not take place.[53]

Contained within the Petition is a plausible claim for relief supported by factual allegations and direct involvement of Respondents.[54] The Petition does not present threadbare recitals of causes of action supported by mere conclusions.[55] The Petition presents detailed facts explaining the reason that a grand jury investigation is needed.

### C. The relief sought is referral to a grand jury.

Petitioners request that the Court refer Petitioners to a grand jury.[56] Petitioners do not state a tradition civil cause of action. Rather, petitioners are petitioning the court to refer Petitioners' allegations to a grand jury so that the grand jury may investigate and determine whether any crimes were committed.

The right asserted falls under Petitioners' First Amendment right to petition the government for a redress of grievances as well as the nature of the grand jury institution itself. Respondents' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

---

[53] *See Williams,* 504 at 47.
[54] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[55] *See id.*
[56] 18 U.S.C. 3332 ("Such alleged offenses may be brought to the attention of the grand jury by the court . . . .")

    **D.**    **The Allegations Against Respondents Are Serious.**

Respondents are accused of perpetrating a fraud on the public by changing the rules for the collection and reporting of data specifically for COVID-19.

Respondents modified the rules for death certificates specifically and only for COVID-19.[57] Changes to death certificate reporting resulted in a hyperinflation of deaths attributed to COVID.[58]

Respondents simultaneously changed the Medicare/Medicaid reimbursement system, incentivizing medical providers to classify deaths as COVID and to diagnose illnesses as COVID.[59]

Respondents authorized a technology—PCR testing—never before used diagnostically and not developed for diagnostic use, as the diagnostic tool for reimbursement claims.[60] Use of PCR testing was implemented without criteria for the number of amplification cycles such that positive results occurred at a very high rate of false positives.[61]

Respondents implemented guidelines that allow one illness in a person to be counted as multiple new case and established an extraordinarily low threshold for

---

[57] Petition, pp. 16-17.
[58] *Id.*, pp. 17-19; it is estimated that 88.6% to 94.0% of death certificates inaccurately list COVID as cause of death (Ex. B, pp. 17-19).
[59] *Id.*, pp. 18-20, 23-25.
[60] *Id.*, pp. 27-31.
[61] *Id.*, pp. 31-35.

proof—e.g., only needing to cough once—to diagnosis a case of COVID, thereby further inflating the count of COVID cases.[62]

Respondents stopped the tracking of vaccine failures, so-called "vaccine breakthroughs," to hide from the public the fact that the COVID inoculations were failing to prevent infections.[63]

Since the filing of the Petition, the government has begun backtracking. Among other things, the CDC has removed 72,277 deaths it had attributed to COVID-19.[64] On August 17, 2022, Respondent Walensky made the following admission:

> **To be frank, we are responsible for some pretty dramatic, pretty public mistakes.** From testing, **to data**, to communications.[65]

As explained in the Petition, the actions taken by Respondents were not mistakes. A grand jury investigation can determine to what extent the so-called mistakes actually constitute criminal conduct.

Also, since the Petition was filed, additional information substantiating the allegations and the need for a grand jury investigation has come to light. For

---

[62] *Id.*, pp. 21-23.
[63] *Id.*, pp. 32-35.
[64] Zachary Stieber, The Epoch Times, *CDC Responds After Reporting Fewer COVID-19 Pediatric Deaths*, https://www.theepochtimes.com/cdc-responds-after-reporting-fewer-covid-19-pediatric-deaths_4348279.html (March 21, 2022) (viewed Sept. 12, 2022).
[65] Sasha Pezenik, ABC News, *CDC director acknowledges mistakes to staff in internal message*, https://abcnews.go.com/Politics/cdc-director-acknowledges-mistakes-staff-internal-message/story (Aug. 18, 2022) (emphasis added) (viewed Sept. 12, 2022).

example, in Massachusetts a lawsuit has been filed detailing how COVID was falsely attributed as the cause of death when COVID had no causal relationship to the death.[66] These include deaths caused by comorbidities, not COVID, and deaths caused by the COVID vaccines, not COVID.[67] Then there is the case of Ernest Ramirez, whose son died from a COVID vaccine. FEMA offered to pay Mr. Ramirez for his son's funeral costs, but only if Mr. Ramirez would agree to change the cause of death to COVID-19 instead of the COVID vaccine.[68]

Petitioners are entitled to present this and other evidence to a grand jury. The grand jury may pursue an investigation of Respondents or other government officials.

For these reasonable and legitimate concerns, Petitioners urge the Court to grant their requested relief and sanction their presentation of evidence before an existing grand jury, or impanel a Special grand jury, for similar purpose based upon the Petition.

---

[66] *Beaudoin v. Baker*, 22-cv-11356, Exhibit F, *Analysis of Massachusetts Death Certificates, in which COVID vaccine was fraudulently omitted as cause of death & Massachusetts Death Certificates in which "COVID-19" was fraudulently included as a cause of death when it should not have been* (D. Mass . Aug. 22, 2022) (http://viaveravita.com/covid-19-fraud-and-vaccine-lawsuit) (viewed Sept. 12, 2022).
[67] *Id*.
[68] The Vigilant Fox, *'That's Beyond Fraud': How FEMA Tried to Bribe Ernest Ramirez to Change His Son's Death Certificate to COVID*, https://thevigilantfox.substack.com/p/thats-beyond-fraud-how-fema-bribed (Sept. 7, 2022).

## III. SERVICE ON ROBERT REDFIELD.

Upon receipt of Respondent's Brief, Petitioners investigated and determined that they served Robert Redfield's son, who also goes by the name Robert Redfield. The correct Robert Redfield has now been served.

## CONCLUSION

Respondents created the conditions for the reporting of fraudulent information on the extent and danger of COVID-19 by, among other things, changing the criteria for reporting deaths from COVID. The panic generated by these fraudulent acts caused massive harm and paved the way for authoritarian power grabs by the government. The consequences of the unprecedented cataclysm caused by these fraudulent acts have literally changed human history. A grand jury needs to hear this evidence so that the people may preserve their liberty. Respondents' motion should be denied.

Respectfully submitted,

Dated:  September 12, 2022

By: s/ *Stephen J. Joncus*
**Stephen J. Joncus**, OSB No. 013072
Email: steve@joncus.net
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Petitioners*