NATALIE K. WIGHT, OSB #035576
United States Attorney
DIANNE SCHWEINER, CSB #188013
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Ave., Suite 600
Portland, Oregon   97204-2936
Telephone:   (503) 727-1102
dianne.schweiner@usdoj.gov

Attorneys for Defendants,
in their official capacities only

THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DR. HENRY EALY III; SENATOR DENNIS LINTHICUM; SENATOR KIM THATCHER,<br><br>Plaintiffs,<br>v.<br><br>ROBERT REDFIELD, former Director of the US Center for Disease Control, in his individual capacity; ROCHELLE WALENSKY, in her individual capacity and in her official capacity as Director for the US Center for Disease Control, ALEX AZAR, former Secretary of the US Department of Health and Human Services, in his individual capacity; XAVIER BECERRA, in his individual capacity and in his official capacity as Director of the US Department of Health and Human Services; BRIAN MOYER, in his individual capacity and in his official capacity as Director of the National Center for Health Statistics; and DOES 1-25,<br><br>Defendants. | Case No.:   3:22-cv-356-HZ<br><br>DEFENDANTS' REPLY BRIEF RE MOTION TO DISMISS PLAINTIFFS' CORRECTED PETITION TO IMPANEL SPECIAL GRAND JURY |

I.

**INTRODUCTION**

Plaintiffs have clarified in their Opposition brief that their Complaint does not allege a *Bivens* claim, does not allege an FTCA claim, and that they do not seek damages or injunctive relief. (ECF 25, at 13). Unfortunately, Plaintiffs have still failed to articulate a cognizable claim or identify any waiver of sovereign immunity that allows them to sue the federal government in this civil case. Plaintiffs' Complaint must be dismissed for that reason alone.

Plaintiffs have also failed to demonstrate they have standing to bring this lawsuit. Defendants cited multiple authorities in their moving brief establishing that private citizens do not have standing to force a grand jury to convene, whether it be through the United States Attorney's Office, through the Court, or on their own. Plaintiffs have cited to no valid authority in opposition showing they are legally allowed to present allegations of a potential crime to a grand jury themselves. Since Plaintiffs have no standing to bring this lawsuit, it must be dismissed without leave to amend.

II.

**PLAINTIFFS HAVE FAILED TO ESTABLISH STANDING**

In their Opposition, Plaintiffs state they "do not seek to compel a prosecutor to present a case to a grand jury….[they] seek to present the case to the grand jury themselves." (ECF 25, at 3). They go on to state the conclusory allegation that they "have standing to present to a grand jury their allegations of crimes committed by government officials so that the grand jury may investigate." *Id*. But the only authority Plaintiffs cite for this proposition is Federal Rule of Criminal Procedure 6, and three cases: *Frisbie v. United States*, 157 U.S. 160, 163 (1895), *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) and *Camreta v. Greene*, 563 U.S. 692, 701 (2011). Nothing in Fed. R. Crim Proc. 6 allows a private citizen to present allegations or evidence before a grand jury, and in fact Rule 6 specifically *forbids* anyone from even *attending* a grand jury

session other than "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device." *Id*.

Plaintiffs' reliance on the 1895 case of *Frisbie v. United States*, 157 U.S. 160, 163 (1895) is unavailing as that case involved a defendant/attorney convicted for charging a fee in excess of $10 for his presentation to the government of a pension claim on behalf of a widow of a U.S. soldier, when collecting such a fee in excess of $10 was forbidden by statute. The U.S. Attorney for the Eastern District of Louisiana presented the case to the grand jury, not a private citizen. Plaintiff repeatedly quotes one line from this decision wherein the Court stated "it is for the grand jury to investigate any alleged crime, no matter how or by whom suggested to them…." (ECF 25). But this vague one-liner from almost two centuries ago does not circumvent Rule 6 (enacted in this century) or grant private citizens the right to empanel their own grand juries and present evidence to same.

Plaintiffs' citation to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) and *Camreta v. Greene*, 563 U.S. 692, 701 (2011) for the broad proposition that "standing exists when the litigants have a personal stake in the lawsuit" is likewise misplaced. (ECF 25, at 11). *Lujan* involved a suit seeking declaratory judgment and injunctive relief related to the interpretation of the Endangered Species Act of 1973. The Supreme Court upheld the district court's ruling finding respondents lacked standing to bring the action. Nothing in the *Lujan* decision involves grand juries or anything remotely related to the relief Plaintiffs seek in this case. *Camreta* involved an alleged Fourth Amendment violation against state officials relating to elementary school sexual abuse, and likewise had nothing to do with federal grand juries or a private citizen's standing to empanel or present evidence before a grand jury.

In their moving brief, Defendants cited to numerous cases all establishing that private citizens lack standing to compel an investigation or prosecution of another person. (ECF 21, at 3-5). Plaintiffs have not distinguished those cases nor cited to one case wherein a court empaneled a grand jury at the request of a private citizen, or allowed a non-

prosecutor to present allegations or evidence to a grand jury.[1]  The relevant criminal statute simply does not allow a private citizen to do so, as a federal prosecutor must initiate a charge.  See Fed.R.Crim.Proc. 6.

In the present case, Plaintiffs assert that "U.S. Attorney Scott Asphaug, along with every other U.S. Attorney in each district of the United States, was given the opportunity to investigate the willful misconduct described in the original petition….Indeed, Petitioners took extraordinary measures to inform U.S. Attorney Scott Asphaug, every other U.S. Attorney, and the Department of Justice of the facts supporting Petitioners' allegations." (ECF, at 11).  If this is true, then every U.S. Attorney in the entire country determined that prosecution was unwarranted and declined to empanel a grand jury.  Those decisions are solely within the purview of the nation's prosecutors, and private citizens do not have standing to second guess those decisions, step in the shoes of federal prosecutors, and prosecute their own alleged crimes.

The Attorney General and United States Attorneys retain broad discretion to enforce the criminal law.  *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)).  Prosecutors have this latitude because they are designated by statute as the President's delegates to help discharge the constitutional responsibility to "take Care that the Laws be faithfully executed."  *Id.; see also* U.S. Const., Art. II, § 3; 28 U.S.C. §§ 516, 547.  So long as a prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision to prosecute or not, and what charge to file or bring before a grand jury, rests entirely in the prosecutor's discretion.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

---

[1]  Plaintiffs appear to have dropped their reliance on *In re Grand Jury Application,* 617 F. Supp. 199, 201 (S.D.N.Y. 1985), after Defendants pointed out in their moving brief that this out of circuit, non-binding district court case from 37 years ago was deemed last year to no longer constitute good law.  *See Lawyers Comm. for 9/11 Inquiry, Inc. v. Barr*, 2021 U.S. Dist. LEXIS 55753, *15, fn 5 (S.D.N.Y. Mar. 24, 2021).

The modern federal grand jury has no power to return indictments on its own. Congress has made the prosecutor's concurrence a prerequisite to a valid indictment. *See United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965); *Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990).

As the court in *Fields* explained:

> [T]there is no federal constitutional right to indictment….Because indictments wield the power to ruin lives and reputations, concert of action between the grand jury and the government attorney is a sound precondition….Not only must the prosecutor wait for the grand jury's determination before he or she may proceed in a felony case, but the grand jury may not issue an indictment where the prosecutor is opposed. Moreover, the court lacks the power to compel the prosecutor to proceed over his objection. Viewed in this light, the federal grand jury system reflects the structure of our constitutional scheme, requiring, for proper resolution, diffusion of power and the existence of checks and balances.

*Id*. at 1116-18. Consistent with this principle of concurrence, Rule 7(c) of the Federal Rules of Criminal Procedure also requires that an indictment must be signed by an attorney for the government. Fed.R.Crim.Proc. 7(c). A private citizen's signature will not suffice.

For these reasons, there is no scenario under which private citizens such as the Plaintiffs in this case can force a court or a federal prosecutor to empanel a grand jury, and no scenario under which these private citizens can present allegations or evidence before a grand jury without the concurrence, direction and participation of a federal prosecutor. Since, according to Plaintiffs, <u>all</u> of the United States Attorneys in the nation have declined to present Plaintiffs' allegations regarding Covid-19 to a grand jury, no grand jury will be (or can be) empaneled on this issues.

### III.

### PLAINTIFFS HAVE FAILED TO CIRCUMVENT A DISMISSAL REQUIRED UNDER RULES 8, 12(B)(1) AND 12(B)(6)

Although Plaintiffs concede in opposition that they do not allege a *Bivens* claim against the individuals, or an FTCA claim against the federal government, they still fail to articulate what cause of action they do allege. For this reason, their 63-page convoluted Complaint does not sufficiently allege a claim under Federal Rule of Civil Procedure 8 and should be dismissed on that basis.

Additionally, Plaintiffs still fail to identify any waiver of sovereign immunity allowing them to sue any of the individual defendants in either their individual or official capacities. As already established in Defendants' moving brief, federal employees can only be sued in an individual capacity under a *Bivens* theory for monetary damages, and Plaintiffs admit that is not what they seek from the individuals here. (ECF 21, at 7-9; ECF 25, at 13-14). Defendants have also established that heads of federal agencies cannot be sued in their official capacities for constitutional violations, and again, Plaintiffs admit that is not what they seek from their Complaint. (ECF 21, at 8-9; ECF 25, at 13-14). Lastly, Defendants have established that the federal government cannot be sued in tort unless a valid claim exists under the Federal Tort Claims Act, and unless that FTCA claim is first fully exhausted at the administrative level. (ECF 21, at 10). Plaintiffs admit that is not the relief they seek in this case. (ECF 25, at 13-14). So the Court is now left with no coherent claim wherein the federal government has waived sovereign immunity and has consented to be sued. Therefore, based on the doctrine of sovereign immunity, Plaintiffs' Complaint must be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## IV.

## **CONCLUSION**

Plaintiffs' district court Complaint appears to be nothing but a publicity stunt, needlessly taking up this Court's time and effort. And Plaintiffs' attorney of record is bound by Rule 11 which requires him to certify that this case is not being presented for any improper purpose, and that the claims and legal contentions are warranted by existing law or by a nonfrivolous argument. Since no valid civil cause of action allows Plaintiffs the criminal relief they seek, this standard has not been met. Defendants once again respectfully request the Court dismiss Plaintiffs' unintelligible Complaint, without leave to amend, since Plaintiffs have not requested the opportunity to amend and any amendment would be futile in any event.

Dated this 24th day of September, 2022.

Respectfully Submitted,

NATALIE K. WIGHT
United States Attorney
District of Oregon

*/s/ Dianne Schweiner*
DIANNE SCHWEINER
Assistant United States Attorney
Attorneys for Defendants