IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DR. HENRY EALY III, an individual; SENATOR DENNIS LINTHICUM, an individual; SENATOR KIM THATCHER, an individual,<br><br>     Plaintiffs,<br><br>  v.<br><br>ROBERT REDFIELD, former Director of the U.S. Centers for Disease Control, in his individual capacity; ROCHELLE WALENSKY, in her individual capacity and in her official capacity as Director for the U.S. Centers for Disease Control; ALEX AZAR, former Secretary of the U.S. Department of Health and Human Services, in his individual capacity; XAVIER BECERRA, in his individual capacity and in his official capacity as Director of the U.S. Department of Health and Human Services; BRIAN MOYER, in his individual capacity and in his official capacity as Director of the National Center for Health Statistics; and DOES 1-25,<br><br>     Defendants. | No. 2:22-cv-00356-HZ<br><br>OPINION & ORDER |

Stephen J. Joncus
Joncus Law P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086

>Attorney for Plaintiffs

Natalie K. Wight
United States Attorney
Dianne Schweiner
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Ave., Ste 600
Portland, Oregon 97204

>Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiffs Henry Ealy III, Dennis Linthicum, and Kim Thatcher petition the Court to empanel a special grand jury and permit them to present to that grand jury evidence of alleged crimes relating to the federal government's handling of the COVID-19 pandemic. This matter is suitable for decision without oral argument. For the reasons outlined below, Plaintiffs' petition is dismissed without leave to amend.

## BACKGROUND

For over two and a half years, the United States, along with the rest of the world, has grappled with the many consequences of the COVID-19 pandemic. The federal government has developed and changed various programs and policies as new information emerges about the novel coronavirus. As with all major policy decisions, the government's response has generated controversy. This case is but one example.

Plaintiffs Dennis Linthicum and Kim Thatcher are senators in the Oregon Legislature, and Plaintiff Henry Ealy III is the founder of a health institute located in Portland, Oregon. Corr. Pet. 63, ECF 5.

The named defendants are current and former directors of the Centers for Disease Control, the Department of Health and Human Services, and the National Center for Health Statistics. Plaintiffs "allege that the Defendants failed to ensure and/or willfully manipulated data being collected, analyzed, and published," leading to "a significant hyperinflation of COVID-19 case, hospitalization, and death counts, which was subsequently used to defraud the US Taxpayer out of at least $3.5 Trillion dollars in misappropriation of public funds between 2020 and 2022." Corr. Pet. 9-10. Plaintiffs provide a list of federal statutes they allege Defendants have violated, ranging from the Paperwork Reduction Act to the domestic terrorism statute. *Id.* at 13-14. Plaintiffs attach a number of supporting exhibits, including studies, charts, transcripts of state court proceedings, and screenshots from websites. Exs. to Pet., ECF 3.

Plaintiffs assert that they have communicated the underlying facts of their petition to every United States Attorney "in each district of the United States" as well as the Department of Justice. Pl. Opp. 11, ECF 25. According to Plaintiffs, all of these prosecutors declined to present the information to a grand jury. *Id.* at 12. Plaintiffs now ask the Court to allow them to present their petition and supporting evidence to a special grand jury themselves. Pl. Opp. 3. Defendants move to dismiss the petition under Federal Rules of Civil Procedure 4, 8, 12(b)(1), and 12(b)(6). Def. Mot. to Dismiss 2, ECF 21.

Plaintiffs also seek entry of default pursuant to Federal Rule of Civil Procedure 55(a) based on Defendants' delay in filing their motion to dismiss. Pl. Application 2, ECF 19. Defendants oppose the application. Def. Opp., ECF 22.

**STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden

3 – OPINION & ORDER

of proving that the court has subject matter jurisdiction over his or her claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted).

A challenge to Article III standing is appropriately raised pursuant to Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).") (emphasis omitted); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.").

## DISCUSSION

Although Defendants raise several grounds on which to dismiss this case, the Court need address only one. Plaintiffs lack Article III standing to seek to present evidence to a grand jury. The Court accordingly dismisses Plaintiffs' petition without reaching the merits and further denies leave to amend. Finally, the Court denies Plaintiffs' application for default.

**I.    Article III Standing**

Article III of the Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must show three elements to establish standing. First is "an injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotation marks and citations omitted). Second, that injury must be "fairly traceable to the challenged action of the defendant," and not "the result of the independent action of some third party not before the court." *Id.* (quotation marks and alternations omitted). Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* (citations omitted).

The Court concludes that Plaintiffs have failed to establish an injury in fact, so it is unnecessary to address the other elements of Article III standing.

A. No Injury in Fact

The Supreme Court has repeatedly held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Diamond v. Charles*, 476 U.S. 54, 64 (1986). This means "that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." 410 U.S. at 619. The Ninth Circuit has consistently followed this dictate, dismissing requests and petitions seeking to compel a criminal investigation or prosecution. *Doe v. Newsom*, No. LACV2004525JAKPVCX, 2021 WL 1521591, at *4 (C.D. Cal. Mar. 26, 2021) (collecting cases), *aff'd sub nom. O. L. v. Newsom*, No. 21-55362, 2022 WL 885151 (9th Cir. Mar. 25, 2022).[1]

---

[1] Defendants correctly note that *In re Grand Jury Application*, 617 F. Supp. 199, 201 (S.D.N.Y. 1985), which Plaintiffs cite in support of their petition, is no longer good law. Def. Mot. to Dismiss 5. *See Zaleski v. Burns*, 606 F.3d 51, 52-53 (2d Cir. 2010). The other authorities

Plaintiffs agree that "'a citizen lacks standing to contest the policies of the prosecuting authority,'" but insist that they "are not contesting the policies of the prosecuting authority or requesting that prosecuting authority act on their behalf." Pl. Opp. 4 (quoting *Linda R.S.*, 410 U.S. at 619). Plaintiffs are incorrect. Their petition seeks to override federal prosecutors' exercise of judgment that Plaintiffs' evidence should not be presented to a grand jury. Plaintiffs state that they presented their information to all U.S. Attorneys and the Department of Justice, and none of these prosecutors decided to present it to a grand jury. Pl. Opp. 11-12. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his [or her] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).[2] By Plaintiffs' own admission, federal prosecutors exercised their discretion by deciding not to present their petition to a grand jury. Plaintiffs may not act in their place.

The Federal Rules of Criminal Procedure reflect the basic principle that private individuals may not step into the role of prosecutor by presenting evidence to a grand jury. Rule 6, the rule governing grand juries, provides, "[t]he following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device." Fed. R. Cr. P. 6(d)(1). Private citizens are not included in this list. Under the Rules, Plaintiffs are barred from the relief they seek. They could not even be in the room with the grand jury, much less present evidence.[3]

---

Plaintiffs cite, Corr. Pet. 41-43, do not give private citizens the right to present information to a grand jury.
[2] If a prosecutor initiates criminal proceedings without probable cause, this may give rise to various claims, such as malicious prosecution. *See, e.g.*, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-67 (9th Cir. 2004).
[3] Nor could an attorney acting on behalf of Plaintiffs present the evidence to a grand jury, because such an attorney would not be an attorney for the government.

Furthermore, Rule 7 states that an indictment "must be signed by an attorney for the government." Fed. R. Cr. P. 7(c)(1). Thus, not only can Plaintiffs not be present before the grand jury, but the grand jury itself could not return an indictment without the cooperation of a federal prosecutor.

These procedural safeguards reinforce a central function of the grand jury: to protect the accused. Supreme Court justices from the nineteenth century through the twenty-first have consistently viewed the grand jury as a safeguard against unjustified or harassing prosecutions. *See United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir. 2002). Justice Story, for instance, wrote that "'the grand jury perform most important public functions; and are a great security to the citizens against vindictive prosecutions, either by the government, or by political partisans, or by private enemies.'" *Id.* (quoting 3 Story, *Commentaries on the Constitution* § 1779 (1833), *reprinted in* 5 The Founders' Constitution 295 (P. Kurland & R. Lerner eds. 1987)). Criminal prosecution of private citizens by other private citizens would undermine this function and leave all citizens vulnerable to vindictive prosecution.

Plaintiffs have no judicially cognizable interest in the prosecution of Defendants, so they have failed to meet the first requirement of Article III standing.

B.     No Petition Clause Protection

Plaintiffs assert that the Petition Clause of the First Amendment gives them standing to present their evidence to a grand jury. Corr. Pet. 41; Pl. Opp. 10. The Petition Clause protects "the right of the people . . . to petition the government for a redress of grievances." U.S. Const. amend. I. Plaintiffs are correct that access to the courts is one aspect of the right to petition. Pl. Opp. 10 (citing *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)). However, as with other First Amendment freedoms, this right is not absolute. *Bill*

*Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983). For example, the Petition Clause does not protect "suits based on insubstantial claims" because "the plaintiff in a baseless suit has not suffered a legally-protected injury." *Id.* Only a year after *Bill Johnson's Restaurants*, the Supreme Court reaffirmed that the Petition Clause does not protect a petition before a judicial authority where the petitioning party lacks a judicially cognizable interest. *Sure-Tan, Inc. v. N.L.R.B.*, 467 U.S. 883, 897 (1984) (holding that the Petition Clause did not protect employer's reporting of undocumented employees to the Immigration & Naturalization Service because employer had "no judicially cognizable interest in procuring enforcement of the immigration laws by the INS").

Plaintiffs lack a judicially cognizable interest in pursuing the relief they seek, so the Petition Clause provides no protection for their request and no basis to grant it. Plaintiffs have no standing to seek the investigation or prosecution of Defendants.

**II.     Leave to Amend**

Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would

constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, any amendment of Plaintiffs' petition would be futile. Private citizens are not permitted to serve in the role of prosecutors by presenting evidence of alleged crimes to a grand jury. Accordingly, justice does not require leave to amend.

### III. Application for Default

Plaintiffs applied for entry of default on August 27, 2022, the day after Defendants' response to their petition was due. Pl. Application. Defendants filed their motion to dismiss the petition on August 28, 2022. Def. Mot. to Dismiss. Thus, Defendants were two days late in responding to Plaintiffs' petition.[4] In opposing entry of default, defense counsel states that the delay was due to a medical emergency for her dog. Schweiner Decl. ¶ 2, ECF 23.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so. But the court should exercise discretion in deciding whether or not to order a default." 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2682 (4th ed. 2022). Entry of default is a necessary precursor to default judgment, which "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The Court will not go through formal entry of default in a case when it is apparent that in the

---

[4] The Court notes that August 27, 2022, was a Saturday, and August 28, 2022, was a Sunday.

9 – OPINION & ORDER

exercise of its discretion the default will be set aside on motion." *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955). *See also Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 456 (D.D.C. 2015) (declining to enter default where good cause existed to set it aside); *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap. LLC*, No. 1:21-CV-00515, 2021 WL 4993088, at *3 (M.D.N.C. Oct. 27, 2021) (same).

The Court concludes that default should not be entered in this matter. Defendants appeared and showed an intent to defend by filing a motion for extension of time to respond to the petition.[5] Def. Mot. for Extension of Time, ECF 16. *See also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (stating that an appearance usually "involves some presentation or submission to the court") (internal quotations omitted). Defendants then filed their motion to dismiss two days late due to counsel's personal emergency. The motion was filed before the Court's next business day. Entry of default is not warranted under these circumstances. *See, e.g.*, *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) (upholding district court's decision not to instruct the clerk to enter default where defendant's pleading was filed one day late); *Betz*, 139 F. Supp. 3d at 455-56 (declining to enter default where defendant failed to timely respond to plaintiff's complaint due to excusable neglect); *Starnet Ins. Co. v. LA Marine Serv. LLC*, No. CV 16-13511, 2017 WL 3116468, at *1-*2 (E.D. La. July 21, 2017) (declining to enter default where defendants answered original complaint but failed to timely answer amended complaint). Finally, as the Court has determined that it lacks subject matter jurisdiction, default should not be entered. *E.g.*, *Crook v. Shea*

---

[5] Because Defendants had appeared in this case, Local Rules 7-1 and 83-8 apply, and Plaintiffs were required to make a good faith effort to confer with Defendants before filing a request for default. LR 55-1. Plaintiffs did not comply with this requirement and are incorrect in asserting that it does not apply here. Pl. Reply 2, ECF 24.

*Fiduciary Servs.*, No. EDCV201277DMGSPX, 2020 WL 8087942, at *1 (C.D. Cal. Sept. 8, 2020) ("Because subject matter jurisdiction was lacking, default should not have been entered[.]"), *reconsideration denied*, No. CV 20-1277-DMG (SPX), 2020 WL 8087943 (C.D. Cal. Oct. 22, 2020), *appeal dismissed*, No. 20-56188, 2021 WL 1902571 (9th Cir. Mar. 9, 2021), and *appeal dismissed*, No. 20-56188, 2021 WL 1902571 (9th Cir. Mar. 9, 2021).

Accordingly, the Court denies Plaintiffs' Application for Entry of Default.

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss [21] for lack of subject matter jurisdiction. Plaintiffs' Corrected Petition [5] is DENIED without leave to amend. Plaintiffs' Application for Entry of Default [19] is also DENIED.

IT IS SO ORDERED.

DATED: November 11, 2022.

_____
MARCO A. HERNÁNDEZ
United States District Judge